UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL AARON SILBERMONN, | : | |
| Petitioner | : | CIVIL ACTION NO. 1:20-393 |
| v. | : | (JUDGE MANNION) |
| VETERANS ADMINISTRATION MEDICAL CENTER, | : | |
| | : | |
| Respondent | | |

## ORDER

Presently before the court is the Report and Recommendation ("Report") of Magistrate Judge Susan E. Schwab. (Doc. 19). In it, Judge Schwab recommends dismissal of this case. No objections to the Report have been filed.

Even where no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P.72(b) advisory committee notes; *see also* *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part,

the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.31.

The plaintiff Joel Aaron Silbermonn initiated this action on March 6, 2020, with a petition for a writ of habeas corpus alleging that he was being held illegally at the Lebanon Veterans Administration Medical Center ("VAMC"). (Doc. 1). In her Report, Judge Schwab observes that, after the court received Silbermonn's financial affidavit and denied his motion to proceed *in forma pauperis*, Silbermonn failed to respond to the court's order, (Doc. 9), instructing him to pay the filing fee and to provide information regarding his guardian or guardians. Silbermonn likewise failed to respond to the court's August 7, 2020 order directing him to show cause as to why his case should not be dismissed. (Doc. 11). On December 28, 2020, the court received a notice of a change of address, (Doc. 14), and on January 4, 2021, the court's August 7, 2020 order was returned as undeliverable. On January 26, 2021, the court again ordered Silbermonn to show cause, this time by February 8, 2021, as to why his case should not be dismissed for his ongoing failure to pay the filing fee and to comply with the court's previous order and, additionally, to show cause as to why the case was not moot since it appeared that he no longer resided at VAMC. (Doc. 18). To date, Silbermonn has failed to adhere to the court's orders and a significant

amount of time has elapsed since his response was due on February 8, 2021. Thus, the Report observes that it appears Silbermonn has abandoned this action.

After conducting an analysis of the requisite *Poulis* factors, Judge Schwab concludes that all weigh heavily in favor of dismissal and, accordingly, she recommends dismissal of the action in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

Having conducted a thorough review of all pertinent filings, the court finds the Report of Judge Schwab to be well-reasoned and well-supported. As such, the court will adopt the Report in its entirety as the decision of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

(1) Judge Schwab's Report, (Doc. 19), is **ADOPTED IN ITS ENTIRETY**;

(2) Silbermonn's Petition for Writ of Habeas Corpus, (Doc. 1), is **DISMISSED**; and

(3) The Clerk of Court is directed to **CLOSE THIS CASE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
United States District Judge

**DATE: April 29, 2021**
20-393-01